Rosen & Kantrow, PLLC
*Proposed Counsel to Allan B. Mendelsohn, Plaintiff*
38 New Street
Huntington, New York 11743
(631) 423-8527
Fred S. Kantrow, Esq.
Nico G. Pizzo, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

In re:

    SRS CAPITAL FUNDS, INC.
    *aka* SRS CAPITAL FUNDS 2 LLC,
    *aka* SRS CAPITAL FUNDS II, LLC,
    *aka* SRS CAPITAL LLC,

                              Debtor.

Chapter 7
Case No.: 20-72883-reg

-------------------------------------------------------------------x
ALLAN B. MENDELSOHN, AS TRUSTEE OF THE ESTATE OF SRS CAPITAL FUNDS, INC., *aka* SRS CAPITAL FUNDS 2 LLC, *aka* SRS CAPITAL FUNDS II, LLC, *aka* SRS CAPITAL LLC,

                Plaintiff,

-against-

JP MORGAN CHASE BANK N.A., JOHN DOE "1" THROUGH "100", JANE DOE "1" THROUGH "100", JOHN DOE CORPORATIONS "1" THROUGH "100", OTHER JOHN DOE ENTITIES "1" THROUGH "100", ALONG WITH ANY OTHER FICTIOUS ENTITY THAT RECEIVED A TRANSFER OF PROPERTY OF THE ESTATE OR IS HOLDING PROPERTY OF THE ESTATE,

                Defendants.

Adv. Pro. No.:

-------------------------------------------------------------------x

## **COMPLAINT**

ALLAN B. MENDELSOHN, the Trustee and the plaintiff (the "Plaintiff" and/or the "Trustee") in the Chapter 7 proceeding of SRS Capital Funds, Inc., a/k/a SRS Capital Funds 2 LLC, a/k/a Capital Funds II, LLC, a/k/a SRS Capital LLC, debtor (the "Debtor"), by and through his proposed counsel, Rosen & Kantrow, PLLC, respectfully submits this, as and for his complaint

1

(the "Complaint") against JP Morgan Chase Bank N.A., ("Chase Bank" and "Defendant") together with John Doe "1" through "100", Jane Doe "1" through "100", John Doe Corporations "1" through "100" and Other John Doe Entities "1" through "100", along with any other fictious entity that received a transfer of property of the estate or is holding property of the estate (collectively, "Unnamed Defendants"), alleges as follows:

## PRELIMINARY STATEMENT

This is an action brought by the Plaintiff seeking to: (a) obtain an order and judgment granting a preliminary and permanent injunction enjoining the Defendants and the Unnamed Defendants from transferring, hypothecating, encumbering or otherwise disposing of property of the Debtor's bankruptcy estate; (b) a judgment: (i) declaring that, as of the Filing Date (as defined below), any and all assets comprising property of the Debtor's bankruptcy estate being held by the Defendant and/or the Unnamed Defendants, as well as any and all other property purchased, preserved and/or enhanced therefrom by the Defendant and/or the Unnamed Defendants, is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code (as defined below); and (ii) imposing an equitable lien on any such property for the benefit of the creditors of the Debtor's bankruptcy estate; and (c) obtain an order and judgment against the Defendant and the Unnamed Defendants directing the immediate turnover of any and all assets constituting property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; (d) together with such other and further relief as this Court deems just, proper and equitable.

## PARTIES

1. The Plaintiff is the Chapter 7 Trustee of the Estate of SRS Capital Funds, Inc., a/k/a SRS Capital Funds 2 LLC, a/k/a Capital Funds II, LLC, a/k/a SRS Capital LLC. The Plaintiff has a mailing address of 38 New Street, Huntington, New York 11743.

2.      Upon information and belief, the Defendant is a consumer banking company with an address at 1304 Broadway, Hewlett, New York 11557 to the attention of Kevin McHale, Branch Manager.

3.      The Unnamed Defendants are those currently unknown beneficiaries, and/or additional or subsequent transferees, individuals or entities holding property of the Debtor's bankruptcy estate, as well as any other individual or entity who conspired with one or more of the Defendant to defraud Debtor's creditors.

## JURISDICTIONAL PREDICATE

4.      This adversary proceeding relates to the above-captioned bankruptcy proceeding pending in the Bankruptcy Court for the Eastern District of New York and is a "core proceeding" as that term is defined in 28 U.S.C. § 157(b)(2)(F), (H), and (O).

5.      The statutory predicates for this proceeding are sections §§ 105, 323, 541, 542 and 544 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 6009, 7001 and 7065 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"),

6.      Venue of the subject Chapter 7 case and of this adversary proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      In the event that this Court determines that the cause of action, as alleged herein, is not a core proceeding, the Plaintiff consents to the entry of final orders and judgment by this Court determining such causes of action.

## BACKGROUND FACTS

8.      On September 4, 2020 (the "Filing Date"), petitioning creditors Zackary Dugow, Ari Jacoby and Gamified Ads LLC, (the "Petitioning Creditors") filed an involuntary petition against the Debtor in the United States Bankruptcy Court for the Eastern District of New York. By

Order dated October 28, 2020, the Debtor's application seeking dismissal of the involuntary petition was denied. By the same Order, the Court granted relief.

9. Plaintiff was appointed interim Chapter 7 Trustee of the Debtor's estate.

10. While the Trustee has limited information at this time given the fact that this case was commenced as an involuntary bankruptcy, Trustee has reviewed the Debtor's pleadings in which it sought to dismiss the bankruptcy case. In essence, the Debtor sought dismissal arguing that the substantial creditor body is located in Israel and not in the United States. Moreover, the Debtor alleged that it was a party to a Beis Din, a Jewish quasi-court proceeding in Israel (the "Beis Din").

11. Upon information and belief, and based upon the Trustee's review of an email authored by an attorney on behalf of the Debtor, the Debtor was prepared to "settle" with its substantial creditor body, or a portion thereof, via the Beis Din, outside the purview of the Bankruptcy Court.

12. The Debtor has provided a list of bank accounts allegedly maintained at Chase, however, the Debtor has not provided any details as to the amounts that remain in the Chase bank accounts, nor the amounts that may have been in the Chase bank accounts and may have been diverted by the Debtor or other parties. By letter dated November 5, 2020, and sent via overnight mail, the Trustee made demand upon Chase for turn over and accounting as to property of the estate. The overnight letter was both delivered and received by Chase. Despite that, Chase has failed or refused to respond to the Trustee and has continued to exercise dominion and control over property of the estate.

13. In addition, because the Debtor's alleged business was that of a merchant cash advance ("MCA") provider, it may continue to receive payments from customers and those

payments may be deposited in to the Chase bank account(s). Thus, there is an urgency in preserving the funds for the benefit of the creditors of the estate.

14. The Trustee is aware of the following Chase bank accounts (only the last four digits of these accounts is identified herein): 5228; 6396; 1162; 1170; 2912; 2953; 7013; 0686; 0702; 0710; 0736; 0751; 7913 (the "Chase Bank Accounts").

15. Upon information and belief, the Defendant may be holding property of the Debtor's bankruptcy estate in the Chase Bank Accounts.

16. Upon information and belief, the Debtor may have authorized additional parties to exercise control over its accounts and/or may have transferred ownership of his accounts to third Parties.

## AS AND FOR A FIRST CAUSE OF ACTION
## SEEKING INJUNCTIVE RELIEF

17. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "16" as if set forth fully herein.

18. Plaintiff seeks a preliminary injunction and permanent injunction preventing the Defendant and Debtor from transferring, hypothecating, encumbering or otherwise disposing of property of the Debtor's bankruptcy estate, including, however, may not be limited to, those Chase Bank Accounts that have thus far been identified.

19. Plaintiff seeks a preliminary injunction and permanent injunction preventing the Unnamed Defendants from transferring, hypothecating, encumbering or otherwise disposing of property of the Debtor's bankruptcy estate.

20. The Debtor's estate will suffer irreparable injury if the Debtor is permitted to retain, transfer, convey or otherwise dispose of property of the bankruptcy estate.

21. The Debtor's bankruptcy estate will suffer irreparable injury if the Unnamed Defendants are permitted to retain, transfer, convey or otherwise dispose of property of the bankruptcy estate.

22. To maintain the *status quo*, the balance of hardships weighs decidedly in favor of the granting of injunctive relief.

23. Plaintiff is likely to prevail on the merits of his claims based upon the allegations set forth herein and the facts of this case.

24. Pursuant to section 105 of the Bankruptcy Code, Bankruptcy Rule 7065, and Rule 65 of the Federal Rules of Civil Procedure, the Court may enjoin a party from proceeding with or continuing with, a course of conduct or practice which depletes, diminishes and/or effects property and/or diminishes the value of those assets or impairs the Plaintiff's recovery efforts.

25. The Defendant will not be harmed by the issuance of a temporary injunction because the requested injunctive relief is a necessary step to return the parties to their position as of the Filing Date.

26. The Unnamed Defendants will not be harmed by the issuance of a temporary injunction because the requested injunctive relief is a necessary step to return the parties to their position as of the Filing Date.

27. By reason of the foregoing, Plaintiff is entitled to an order and judgment granting a preliminary and permanent injunction, plus costs and other fees, or such other amounts as to be proven at trial.

**AS AND FOR A SECOND CAUSE OF ACTION**
**SEEKING A CONSTRUCTIVE TRUST**
**AND TURNOVER PURSUANT TO 11 U.S.C. U.S.C. § 542(a)**

28. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "27" as if set forth fully herein.

29. As of the Filing Date, the Debtor had a legal and/or equitable interest in any and all assets constituting property of his estate under section 541 of the Bankruptcy Code.

30. Upon information and belief, the Defendant and/or the Unnamed Defendants are holding assets comprising property of the Debtor's bankruptcy estate.

31. Upon information and belief, the Unnamed Defendants may have promised to accept property of the Debtor's bankruptcy estate for the Debtor's benefit.

32. Upon information and belief, the Debtor relied on the promises of the Unnamed Defendants to accept property of his estate for his benefit.

33. Upon information and belief, the Defendant and/or the Unnamed Defendants are acting as nominees for the Debtor and are holding assets comprising property of the Debtor's bankruptcy estate.

34. Upon information and belief, the Defendant and/or the Unnamed Defendants know they were holding assets comprising the Debtor's bankruptcy estate.

35. Upon information and belief, any assets comprising the Debtor's bankruptcy estate being held by the Defendant and/or the Unnamed Defendants are being held in constructive trust for the Debtor.

36. The Defendant and/or the Unnamed Defendants will be unjustly enriched if the Debtor is not deemed the equitable owner of all assets comprising the Debtor's bankruptcy estate as of the Filing Date that they are holding.

37. Accordingly, under 28 U.S.C. § 2201, Plaintiff is entitled a judgment: (a) declaring that, as of the Filing Date, any and all assets comprising property of the Debtor's bankruptcy estate

being held by the Defendant and/or the Unnamed Defendants, as well as any and all other property purchased, preserved and/or enhanced therefrom by the Defendant and/or the Unnamed Defendants, is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on any such property for the benefit of the creditors of the Debtor's bankruptcy estate.

## AS AND FOR A THIRD CAUSE OF ACTION
## SEEKING TURNOVER OF PROPERTY OF THE ESTATE

38. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "37" as if set forth fully herein.

39. As of the Filing Date, the Debtor had a legal and/or equitable interest in any and all assets constituting property of his estate under section 541 of the Bankruptcy Code.

40. By reason of the foregoing, the Plaintiff is entitled to the entry of an order and judgment, under sections 541 and 542(a) and (e) of the Bankruptcy Code, against the Defendant directing the immediate turnover of any and all assets constituting property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code.

## RESERVATION OF RIGHTS

41. Plaintiff's investigation is ongoing and Plaintiff reserves the right to: (a) supplement the information regarding any pre- and post-petition transfers made to or for the benefit of the Defendant and/or the Unnamed Defendants; (b) any debt owed by the Defendants and/or the Unnamed Defendants to the Debtor; and (c) seek recovery of any such transfers.

**WHEREFORE**, the Plaintiff respectfully demands judgment as follows: (i) on his First Cause of Action, an order and judgment granting a preliminary and permanent injunction, plus costs and other fees, or such other amounts as to be proven at trial; (ii) on his Second Cause of Action, under 28 U.S.C. § 2201, a judgment: (a) declaring that, as of the Filing Date, any and all

assets comprising property of the Debtor's bankruptcy estate being held by the Defendant and/or the Unnamed Defendants, as well as any and all other property purchased, preserved and/or enhanced therefrom by the Defendant and/or the Unnamed Defendants, is property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (b) imposing an equitable lien on any such property for the benefit of the creditors of the Debtor's bankruptcy estate; (iii) on his Third Cause of Action, under sections 541 and 542(a) and (e) of the Bankruptcy Code, an order and judgment against the Defendant directing the immediate turnover of any and all assets constituting property of the Debtor's bankruptcy estate under section 541 of the Bankruptcy Code; and (iv) for all costs, disbursements and expenses, including attorneys' fees, in connection with this action, together with such other, further and different relief as this Court may deem just and proper.

Dated: Huntington, New York
      November 9, 2020

                          **Rosen & Kantrow, PLLC**
                          *Proposed Counsel for the Plaintiff*
                          *Allan B. Mendelsohn*

BY:   */s/ Fred S. Kantrow*
        Fred S. Kantrow, Esq.
        Nico G. Pizzo, Esq.
        38 New Street
        Huntington, New York 11743
        (631) 423 8527
        fkantrow@rkdlawfirm.com
        npizzo@rkdlawfirm.com